UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEILANI SULIT, | ) |
|         Plaintiff, | ) |
| v. | ) No.: 08 CV 4223 |
| FIRST CHICAGO MORTGAGE CO., an Illinois corporation, BANK UNITED CORP. FSB; a Foreign Corporation; WILMETTE TITLE SERVICES, INC., a/k/a CAMBRIDGE TITLE; NANCY LICCARDI, KHORRAM CHAUDRY and RONY KHEZERAN. | ) |
|         Defendants. | ) |

### DEFENDANTS, FIRST CHICAGO MORTGAGE CO., NANCY LICCARDI, KHORRAM CHAUDRY AND RONY KHEZERAN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, First Chicago Mortgage Company, Nancy Liccardi, Khorram Chaudry and Rony Khezeran (collectively, First Chicago Defendants), by and through their undersigned counsel, KEVIN W. DOHERTY, MAYA HOFFMAN and DOHERTY & PROGAR LLC, hereby submit their Memorandum of Law in Support of their Motion to Dismiss, pursuant to Rule 12b(6) of the Federal Rules of Civil Procedure (Rule 12b(6)), and state as follows:

### I. INTRODUCTION

Plaintiff, Leilani Sulit, has brought a ten-count Complaint against First Chicago Defendants, alleging that the mortgage loan originated by them and closed on October 17, 2006, was economically disadvantageous to her and caused her to pay a high interest rate, increasing adjustable rate fees, false loan processing charges and prepayment penalty fees. Plaintiff alleges federal claims against First Chicago Defendants for violations of the Real Estate Settlement Procedures Act of 1974 (RESPA), 12

U.S.C. Sec. 2601 *et seq.*, and the Truth in Lending Act (TILA), 15 U.S.C. Sec. 1601 *et seq*. In adition, Plaintiff alleges several state claims including, breach of fiduciary duty, fraud, civil conspiracy and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq*. (ICFA).

In this case, First Chicago Defendants submit that they are entitled to dismissal of Plaintiff's federal claims because she failed to file them within the applicable statutory time period provided by both RESPA and TILA. Further, Plaintiff has failed to state a claim for relief under RESPA and TILA, requiring dismissal of those claims. Next, Plaintiff's state law claims for violations of the ICFA warrant dismissal because she failed to state a sufficient claim. Finally, Plaintiff's state law allegations for breach of fiduciary duty, fraud and civil conspiracy must be dismissed because no subject matter jurisdiction remains either under federal question jurisdiction, 28 U.S.C. Sec. 1331, or supplemental jurisdiction, 28 U.S.C. Sec. 1367(c).

As Plaintiff's allegations are fully set forth in her Complaint and reasserted in Defendant Bank United Corporation's (Bank United) Memorandum in Support of Its Motion to Dismiss, First Chicago Defendants will not provide a recitation of the claims here in the interest of brevity. The allegations at issue will be provided within First Chicago Defendants' argument as necessary.

## II. ARGUMENT

### A. Motions to Dismiss under Rule 12b(6)

"The purpose of a motion to dismiss pursuant to Rule 12b(6) is to test the sufficiency of the complaint, not to decide the merits of the case." *Thomas v. Ocwen Federal Bank FSB*, No. 01 C 4249, 2002 WL 99737 (N.D. Ill. 2002). In determining whether to grant a motion to dismiss under Rule 12b(6), the court "must accept all well pleaded allegations as true. In addition, the court must view

these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). "Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes." *Thomas*, 2002 WL 99737 at *2, citing Fed. R. Civ. P. 10(c).

Dismissal of a complaint is warranted when "'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Thomas*, 2002 WL 99737 at *2, quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, a complaint must allege sufficient facts to set forth the essential elements of the cause of action. *Thomas*, 2002 WL 99737 at *2.

### B. Statute of Limitations Bars Plaintiff's Federal Claims

In Counts VII and VIII of Plaintiff's Complaint, she alleges violations of RESPA and TILA against First Chicago Defendants, which both have a one-year statute of limitations period. See 12 U.S.C. Sec. 2614 and 15 U.S.C. Sec. 1640(e). The closing date of the loan, which in this case occurred on October 17, 2006, typically is the date upon which RESPA and TILA causes of action begin to accrue. See *Thomas*, 2002 WL 99737 at *2. Plaintiff filed her Complaint on July 25, 2008, which was beyond the one-year limitations period under RESPA and TILA. First Chicago Defendants submit that, as a result, Plaintiff's claims under both RESPA and TILA are barred by the applicable statutes of limitation, thereby warranting dismissal of those claims.

Generally, the courts hesitate to dismiss a complaint at this stage of the litigation because a plaintiff need not address an affirmative defense in the complaint. See *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Commission*, 377 F.3d 682, 688 (7th Cir. 2004). An exception exists, however, where "the expiration of the statute of limitations is clear from the face of the complaint.'"

*Thomas*, 2002 WL 99737 at *3. In those cases, "the plaintiff must plead in the complaint any exceptions to the application of the statute of limitations upon which the plaintiff relied in bringing her case." *Thomas*, 2002 WL 99737 at *3.

In *Thomas*, the plaintiff had signed a HUD-1 Settlement Statement on October 23, 1998, which listed the charges for the settlement services she incurred in connection with the closing of her loan. The plaintiff claimed that she did not receive any compensable good, service or facility for the charge labeled, "yield spread premium" (YSP), in violation of RESPA Section 2607. The plaintiff alleged that the YSP constituted an illegal kickback or referral fee. She also claimed that none of the defendants informed her of the nature of the YSP or the effect it would have on her interest rate. In addition, the plaintiff alleged that the defendants violated TILA. Each of the defendants filed separate Rule 12b(6) motions to dismiss, arguing that the plaintiff's RESPA and TILA claims were barred by the statute of limitations.

The plaintiff's complaint presented two possible dates for the closing of her loan, namely, the October 23, 1998 date on which she signed the HUD-1 Settlement Statement and November 8, 1998, the date on which her loan closed. The plaintiff filed her complaint on June 7, 2001. She did not dispute that she filed her complaint outside the one-year statute of limitations period, but argued that her RESPA and TILA claims were subject to equitable tolling.

Although the *Thomas* Court agreed that RESPA and TILA are subject to equitable tolling, the court also stated, "the conclusion that equitable tolling may apply to [the plaintiff's] claims does not mean that the doctrine in fact *does* apply." (Emphasis in original.) *Thomas*, 2002 WL 99737 at *3. The court noted that "the burden of demonstrating that the applicable statute of limitations be tolled falls on [the plaintiff]." *Id.*

The *Thomas* Court found that the expiration of the statute of limitations was clear from the face of the complaint and, therefore, the plaintiff was required to plead in her complaint any exceptions to the application of the statute of limitations upon which she relied in bringing her cause of action. *Id.* The court stated that the plaintiff's attempt to invoke either equitable tolling or fraudulent concealment was "of little import" because she failed to provide a factual basis for those doctrines. *Id.*

The court noted the difference between the two doctrines. "Fraudulent concealment 'denotes efforts by the defendants – above and beyond the wrongdoing upon which the plaintiff's claim is founded – to prevent the plaintiff from suing in time.'" *Thomas*, 2002 WL 99737 at *3, quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990); see also *Evans v. Rudy-Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1184 (D. Minn. 1999) (noting that the fraudulent concealment exception only applies to toll the TILA statute of limitations when there is fraudulent conduct by the defendant beyond the nondisclosure itself). "To avoid the application of a statute of limitations through equitable tolling, a plaintiff 'need show [ ] that he could not by the exercise of reasonable diligence have discovered essential information bearing on his claim.'" *Thomas*, 2002 WL 99737 at *3, quoting *Cada*, 920 F.2d at 452.

The *Thomas* Court found that the plaintiff failed to allege any of the defendants engaged in fraudulent conduct beyond the allegations themselves. The court also found that the plaintiff alleged no affirmative misrepresentations by the defendants that prevented her from filing her suit in a timely manner. In addition, the court found that the plaintiff failed to allege any facts indicating that she exercised diligence to discover the allegedly improper nature of the fees and charges provided in her complaint.

The *Thomas* Court found that the plaintiff's complaint was devoid of any allegations that she

took efforts to inquire about the charges either at the time she signed both the HUD-1 Settlement Statement and the TILA statement or afterwards. The court stated, "[i]f she signed the documents without reading them, she cannot argue that she acted diligently. Additionally, if she read the documents and asked no questions about the fees currently at issue either at the time of reading it or sometime thereafter she cannot contend that she acted in a diligent manner." *Thomas*, 2002 WL 99737 at *4. Ultimately, the court held that neither the doctrines of equitable tolling or fraudulent concealment applied and dismissed the plaintiff's complaint on those counts. *Id.*

The *Thomas* case is directly on point. Here, as in *Thomas*, the expiration of the statute of limitations was clear from the attached exhibits, which contain the October 17, 2006 closing date.[1] Therefore, Plaintiff was required to plead any exceptions to the application of the statute of limitations.

In this case, Plaintiff has not established the burden of demonstrating that the applicable statutes of limitation require tolling because she has failed to provide a factual basis for the fraudulent concealment and equitable tolling doctrines. She provided no claims regarding her efforts to inquire about the contested charges at the time she signed the closing documents or, as Bank United noted in its Memorandum in Support of Its Motion to Dismiss, thereafter until GMAC Mortgage refused to waive the prepayment penalty. Notably, as Bank United pointed out, Plaintiff claims that she did not discover the prepayment penalty until January 2008 (See Plaintiff's Complaint at par. 32), although Exhibit C-3, attached to her Complaint, belies her claim. Nonetheless, Plaintiff's alleged date of discovery of the prepayment penalty is of no concern because she provided no facts to support the exceptions to the applicable one-year limitations period.

As in *Thomas*, the HUD-1 Settlement Statement attached to Plaintiff's Complaint and dated

---

[1] The October 17, 2006 closing date is mysteriously absent from Plaintiff's Complaint.

October 17, 2006, contradicts her allegation that she was unaware of the YSP and that First Chicago Defendants concealed its existence from her. The HUD-1 Settlement Statement identifies the charges from which Plaintiff now complains and, more importantly, was signed by her. If Plaintiff signed the pertinent documents without reading them, she cannot later argue that she acted diligently. Furthermore, if she read the documents and asked no questions about the interest rates and fees currently at issue either at the time of reading it or sometime thereafter, she cannot contend that she acted in a diligent manner. See *Thomas*, 2002 WL 99737 at *4.

In light of the above, this Court should find that the doctrines of equitable tolling and fraudulent concealment are inapplicable to Plaintiff's Complaint because Plaintiff has failed to allege facts demonstrating that the RESPA and TILA statutes of limitation be tolled. Accordingly, this Court should dismiss Counts VII and VIII of Plaintiff's Complaint against First Chicago Defendants as time-barred.

### C. Plaintiff has Failed to State a Claim for Violations of RESPA and TILA

Counts VII and VIII additionally should be dismissed by this Court because Plaintiff's Complaint fails to state sufficient claims for violations of RESPA and TILA as a matter of law. First, both RESPA and TILA require that a plaintiff identify in the complaint whether the loan at issue was taken for personal or business purposes because the statutes prohibit recovery for extensions of credit for business or commercial purposes. See 12 U.S.C. Sec. 2606(a) (regarding RESPA) and *Poe v. First National Bank of DeKalb County*, 597 F.2d 895, 896 (5th Cir. 1979) (regarding TILA). Plaintiff has failed to allege in her Complaint whether the mortgage loan at issue was for personal or business purposes and, thus, has failed to state an appropriate claim under both RESPA and TILA. Second, recovery under TILA requires that the violation be committed by a "creditor," as defined by the statute. See 15 U.S.C. Sec. 1640(a); 15 U.S.C. Sec. 1602(f); and 12 C.F.R. Sec. 226.2(a)(17). Here, Plaintiff's TILA claim is inapplicable to First Chicago Defendants because they are not "creditors" under the

7

statute.

1. Plaintiff's RESPA and TILA Claims Fail to State a Proper Purpose for the Loan

TILA "specifically exempts from its scope extensions of credit for business or commercial purposes." *Poe*, 597 F.2d at 896, citing 15 U.S.C. Sec. 1603(1) and 12 C.F.R. 226.3(a). Similarly, RESPA "does not apply to credit transactions involving extensions of credit ... primarily for business, commercial, or agricultural purposes ...." 12 U.S.C. 2606(a). The same standard used under TILA to determine whether a loan was primarily for business purposes is used for the inquiry under RESPA. See 12 U.S.C. 2606(a)(1), (b). Under TILA, a consumer transaction is specifically characterized as one in which the party to whom credit is extended is a natural person and the money is primarily for personal, family, household, or agricultural purposes. 15 U.S.C. Sec. 1602(h).

In *Galindo v. Financo Financial, Inc.*, No. C 07-03991 WHA, 2008 WL 5170204 (N.D.Cal. 2008), which involved a predatory lending action, the plaintiffs sought loans to refinance an investment property and to build a new home. The defendant mortgage brokers, among other things, allegedly rushed the plaintiffs into signing the refinancing documents without providing them with copies or explaining the fees and charges being assessed. In their second amended complaint, the plaintiffs alleged violations of RESPA and TILA, which were dismissed because they did not allege whether the loan was for business or personal purposes. The order to dismiss concluded that "[w]ithout any such allegations detailing the purposes of the loan, Galindo has stated no claim." The court, however, granted leave for the plaintiffs to amend their complaint.

The defendant lender responded that the plaintiffs' third amended complaint still did not adequately allege that the subject loans were intended for consumer purposes under RESPA and TILA. In response to defendants' motion to dismiss, the plaintiffs conceded that there was no way to identify the purpose of the loan. In an effort to cure this defect, the plaintiffs alleged that the mortgages were

8

obtained to purchase property on which to build a home.

The *Galindo* Court noted that:

> "The first sentence of Galindo's third amended complaint alleges that the lenders made the loans for consumer purposes. Even if true, the lenders' motivation is not relevant. The relevant inquiry focuses on the borrower's purpose rather than the lenders' purpose." *Galindo*, 2008 WL 5170204 at *2, citing *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir.1992) ("The fact that ... the lender may have loaned the money for personal reasons does not make it a personal loan").

Because the plaintiffs in *Galindo* alleged that they obtained the loans to buy property to build a home, the court held that this allegation constituted a sufficient notice pleading and consumer purpose under RESPA and TILA. *Galindo*, 2008 WL 5170204 at *2-*3.

In contrast to *Galindo*, Plaintiff has provided no allegation in her Complaint that she took out the subject loan for a consumer purpose. Paragraph 19 of the Complaint states that, "Defendant First Chicago, under the direction of Defendant Khezeran, originated a loan to Plaintiff to be secured by a new mortgage to repay her prior mortgage loan." The Complaint at paragraph 69 provides that "Defendant mortgage brokers originated a residential real estate loan for Plaintiff and made a material statement of fact to Plaintiff that they were acting in her best interest." The *Galindo* Court noted that only the intent of the plaintiff was relevant to the inquiry and, therefore, this Court likewise should consider only Plaintiff's intent for the purpose of the loan in determining whether she properly stated a claim under RESPA and TILA. This issue may be considered on a defendant's motion to dismiss. See *Galindo*, 2008 WL 5170204 at *2.

In addition, the exhibits attached to Plaintiff's Complaint provide that the purpose of the loan was for refinancing and that the subject property, located at 3415 N. Odell Avenue in Chicago, was either Plaintiff's primary residence (see Plaintiff's Complaint at Exhibit D-14) or a rental property (see Plaintiff's Complaint at Exhibit F-9 through F-10). Nonetheless, nothing alleged in or attached to

Plaintiff's Complaint identifies whether Plaintiff took out the loan primarily for a business or personal purpose. As a result, Plaintiff's claims under RESPA and TILA do not fall within the scope of those statutes. See 15 U.S.C. Sec. 1603(1); 15 U.S.C. 2606(a)(1), (b); 12 C.F.R. 226.3(a).

Accordingly, without any allegations detailing the purpose of the loan, Plaintiff has failed to state a claim for violations of RESPA and TILA under Counts VII and VIII, thereby requiring dismissal of those counts by this Court. See *Galindo*, 2008 WL 5170204 at *2; *Poe*, 597 F.2d at 896.

### 2. Plaintiff's TILA Claims are Inapplicable to First Chicago Defendants

TILA provides civil penalties only against "creditors" as defined by the statute. The pertinent TILA provision, Section 1640(a), states that, "any creditor who fails to comply with any requirement imposed under this part...with respect to any person is liable to such person." 15 U.S.C. Sec. 1640(a).

Under Section 1602(f) of TILA:

> "The term 'creditor' refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. Sec. 1602(f).

In this case, Plaintiff makes no allegation that First Chicago Defendants are creditors within the meaning of TILA. Accordingly, First Chicago Defendants cannot be held liable for any alleged TILA violations. This Court should dismiss Count VIII of Plaintiff's Complaint against First Chicago Defendants as a result. See 15 U.S.C. Sec. 1640(a); *Noel v. Fleet Finance, Inc.*, 971 F. Supp. 1102, 1109 (E.D. Mich. 1997) (finding that the defendant mortgage brokers were not creditors subject to the disclosure requirements of TILA and dismissing the plaintiffs' TILA claims *with prejudice* as against it); *Nevis v. Wells Fargo Bank*, No. C 07-2568 MHP, 2007 WL 2601213 (N.D. Cal. 2007) (holding that the plaintiffs failed to set forth facts in her complaint that could bring the defendant within the scope

of TILA, resulting in the dismissal of the complaint without leave to amend).

### D. **Plaintiff's Complaint Fails to State a Claim for Violations of the ICFA**

As to Counts V, VII and IX of Plaintiff's Complaint, although these claims ultimately will be decided based on Illinois substantive law, the sufficiency of the pleading for the alleged ICFA violations must be determined under federal procedural law. See *Horton v. Country Mortgage Services, Inc.*, No. 07 C 6530, 2008 WL 2952276 (N.D. Ill July 30, 2008).

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed R. Civ. P. 9(b) (Rule 9(b)). To state a claim of fraud "with particularity" the plaintiff "must do more pre-complaint investigation to assure that the claim is responsible and supported" and "must provide the 'who, what, when, where, and how.'" *Borselino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

With the Rule 9(b) heightened pleading standard in mind, the court in *Michalowski v. Flagstar Bank, FSB*, No. 01 C 6095, 2002 WL 113905 (N.D. Ill. 2002) provided background on YSPs and further stated, "[t]he general consensus, and the view endorsed by the Department of Housing and Urban Development (HUD) is that yield spread premium payments are not *per se* illegal, but that certain unscrupulous lenders use the yield spread premium payment improperly as a means to compensate brokers for originating loans with higher interest rates."

A 2001 HUD policy statement on this issue was parsed into a two-step test by the courts to determine the legality of YSPs. The courts determine: "(1) whether the broker has provided goods or services of the kind typically associated with a mortgage transaction and (2) whether the total compensation paid to the broker is reasonably related to the total value of the goods or services actually provided." *Johnson v. Matrix Financial Services Corp.*, 354 Ill. App. 3d 684, 693 (Ill. App. 2004).

In *Johnson*, the plaintiffs appealed from the dismissal of their claims *with prejudice*. The court

11

held that in order to state a claim under the ICFA based upon the payment of a YSP by a lender to a mortgage broker in violation of RESPA, a plaintiff must allege:

> "(1) the existence of an agreement between the lender and broker whereby the broker promises to refer settlement service business to the lender; (2) the transfer of a thing of value between the lender and broker based upon that agreement; (3) the referral of settlement service business by the broker to the lender [citation omitted] and either that (4) the broker received a YSP without providing any goods or services of the kind typically associated with a mortgage transaction or (5) if the broker did provide such goods or services, the total compensation paid to the broker was not reasonably related to the total value of goods or services actually provided [citations omitted]." *Johnson*, 354 Ill. App. 3d at 695.

Initially, the *Johnson* court noted that, for the plaintiffs to state a claim under RESPA, "they needed to allege that the total compensation paid to the broker was not reasonably related to the total value of the goods or services actually provided." *Johnson*, 354 Ill. App. 3d at 696. In upholding the dismissal of the plaintiffs' claims, the court held that they failed "to list the services, goods, or facilities provided by [the mortgage broker], explain how the YSP payment was not related to any of these services, goods, or facilities, or state why [the mortgage broker's] total compensation was unreasonable, *i.e.*, through market price comparison." *Id.*

The *Johnson* Court noted the separate pleading requirements for federal and state standards, citing *Michalowski*. Although this Court certainly has the discretion to consider and apply *Michalowski*, First Chicago Defendants submit that *Michalowski* did not involve analysis of the Rule 9(b) heightened pleading standard in relation to the sufficiency of the plaintiffs' complaint and, as such, should not be considered applicable here.

The *Johnson* Court found that the plaintiffs alleged the YSP paid to the mortgage broker was unreasonable, but they failed to allege why or how the mortgage broker's total compensation was not reasonably related to the services it provided. *Johnson*, 354 Ill. App. 3d at 696. The *Johnson* Court further stated that, although the "unreasonableness" determination may be "fact intensive," the plaintiffs

"still must allege sufficient facts to establish each element under RESPA's kickback provision." *Id.* at 696-97. According to the *Johnson* Court, because the plaintiffs failed to establish the elements under RESPA, they could not rely upon RESPA for the basis of their claim under the ICFA. *Id.* at 697.

Similar to *Johnson*, Plaintiff's Complaint essentially concedes that First Chicago Defendants provided services in procuring the loan from Bank United, but alleges that the compensation First Chicago Defendants received was unreasonable (See Plaintiff's Complaint at pars. 48, 69, 102, 109 and 110). Plaintiff in this case, as in *Johnson*, failed to list the services, goods, or facilities provided by First Chicago Defendants, explain how the YSP payment was not related to any of these services, goods, or facilities, or state why First Chicago Defendants' total compensation was unreasonable, *i.e.*, through market price comparison. As a result, Plaintiff cannot rely upon RESPA as the basis for her claim under the ICFA. See *Johnson*, 354 Ill. App. 3d at 696-97. Therefore, Plaintiff's ICFA claim against First Chicago Defendants in Count VII must be dismissed by this Court.

The plaintiffs in *Johnson* also argued that payment of the YSP to the defendant mortgage brokers also constituted an unfair or deceptive practice under the ICFA, as Plaintiff does here in Counts V and IX (although it should be noted that Count IX alleges a *per se* violation of the ICFA). The *Johnson* Court applied Section 10b of the ICFA, 815 ILCS 505/10b(1), which provides that "[n]othing in this Act shall apply to...[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." The court further explained that if the YSP payment to the mortgage broker by the lender was not violative of RESPA's antikickback provision, the plaintiffs have no recourse under the ICFA because the ICFA's reach does not extend beyond that of RESPA. *Johnson*, 354 Ill. App. 3d at 697-98. The *Johnson* Court held that, because the plaintiffs failed to state a claim under RESPA's antikickback provision, their claim was properly dismissed.

13

As in *Johnson*, Plaintiff here has failed to state a claim under RESPA and likewise has no recourse under the ICFA. Accordingly, this Court should dismiss Counts V and IX of Plaintiff's Complaint as asserted against First Chicago Defendants.

E. **Subject Matter Jurisdiction No Longer Exists Following the Dismissal of the Federal Claims**

To establish federal question jurisdiction in this case, Plaintiff must show either: (1) that a federal statute grants the Court jurisdiction; or (2) that there is common law jurisdiction to a "uniquely federal interest," which would be frustrated by the "application of state law." *Northrop Corp. v. AIL Systems, Inc.*, 959 F.2d 1424, 1426-27 (7th Cir. 1992). A court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it had original jurisdiction." 28 U.S.C. Sec. 1367(c)(3); see also *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997).

In the event this Court determines that Plaintiff's federal claims require dismissal, the Court has the discretion to decline to exercise supplemental jurisdiction over the state claims under 28 U.S.C. Sec. 1367(c) or federal question jurisdiction under 28 U.S.C. Sec. 1331. First Chicago Defendants respectfully request that, if Plaintiff's federal claims are dismissed, her remaining state claims be dismissed *with prejudice* for lack of subject matter jurisdiction.

### III. CONCLUSION

For all of the above-mentioned reasons, First Chicago Defendants respectfully request that

this Court grant their Motion and dismiss *with prejudice* Plaintiff's Complaint in its entirety.

Respectfully submitted,

CHICAGO MORTGAGE CO., NANCY LICCARDI, KHORRAM CHAUDRY AND RONY KHEZERAN

By: /s/ Kevin W. Doherty
    Kevin W. Doherty
    One of Their Attorneys

Kevin W. Doherty (ARDC #: 3128844)
Maya Hoffman (ARDC #: 6273949)
DOHERTY & PROGAR LLC
200 West Adams
Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 - Fax