# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4223 | **DATE** | March 27, 2009 |
| **CASE TITLE** | Sulit v. First Chicago Mortgage, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motions to dismiss [18, 20, 27] are granted. Plaintiff's complaint is hereby dismissed without prejudice. If plaintiff can, consistent with Rule 11, amend her complaint to state a claim under TILA and RESPA, she is hereby granted 28 days in which to do so. Alternatively, plaintiff is free to file her claims in state court.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    The Court takes as true the allegations contained in plaintiff's complaint and also considers the documents attached to plaintiff's complaint. Plaintiff Leilani Sulit ("Sulit") brings claims under the Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") as well as state law claims. Her claims arise out of a mortgage she took out on a property located at 3415 N. Odell Avenue in Chicago. After being solicited by one of the defendants, Sulit took out a $424,000.00 mortgage, from which she received more than $170,000.00 in cash, to re-finance a $244,000.00 mortgage. At the time, Sulit earned $30,300.00 per year at a business she owned and whose address is 3415 N. Odell Avenue in Chicago. Sulit owns four properties and appears to receive rental income from three, including 3415 N. Odell Avenue in Chicago. Plaintiff's claims are based on the alleged fact that she was told there was no pre-payment penalty on the mortgage. Unbeknownst to Sulit, someone forged her signature on the form which disclosed the pre-payment penalty. It was only later, when Sulit attempted to re-finance the $424,000.00 mortgage at issue here, that she learned of the pre-payment penalty.

    The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above

| STATEMENT |
|---|

the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

As some of the defendants point out, Sulit cannot state a claim under either TILA or RESPA without alleging that she took out the mortgage for consumer purposes. Both TILA and RESPA exempt transactions for business or commercial purposes. *See* 15 U.S.C. § 1603(1) ("This subchapter does not apply to the following: (1) Credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes . . ."); 12 U.S.C. § 2606 (a)(1) ("This chapter does not apply to credit transactions involving extensions of credit–(1) primarily for business, commercial, or agricultural purposes;"). The Federal Reserve Board's official staff interpretation says, in relevant part, "Credit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes. This includes, for example, the acquisition of a warehouse that will be leased or a single-family house that will be rented to another person to live in." *See* 12 C.F.R. Pt. 226, Supp. I at 226.3(a)(3).

The Court concludes that Sulit has failed to state a claim under either TILA or RESPA, because she has failed to include allegations that bring her right to relief above a speculative level. That Sulit's mortgage is even covered by these statutes is pure speculation at this point. The documents attached to her complaint suggest that plaintiff rents the building to her business or that it is otherwise a rental property. What is missing are allegations that bring Sulit's right to relief under the federal statutes above a speculative level.

For these reasons, the Court dismisses without prejudice Counts VI, VII and VIII. The Court has supplemental jurisdiction over plaintiff's remaining claims. Because the Court has disposed of the only claims over which it had subject matter jurisdiction, the Court exercises its discretion to dismiss the remaining state claims without prejudice. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."). Counts I, II, III, IV, V, IX and X are dismissed without prejudice.

If plaintiff can, consistent with Rule 11, amend her complaint to state a claim under TILA and RESPA, she is hereby granted 28 days in which to do so. Alternatively, plaintiff is free to file her claims in state court.